# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PATRICIA GONZALEZ,                )
                                  )
              Plaintiffs,         )    Case No.: 2:13-cv-00306-GMN-CWH
      vs.                         )
                                  )    **ORDER**
BANK OF NEW YORK MELLON and       )
COUNTRYWIDE SECURITIES,           )
                                  )
              Defendants.         )
                                  )

Before the Court is the Motion to Dismiss (ECF No. 6) filed by Defendants Bank of New York Mellon and Countrywide Home Loans, Inc. ("Defendants"). Plaintiff, who is representing herself *pro se*, has failed to file a Response to the Motion to Dismiss. Defendants have, however, filed a Notice of Non-Opposition (ECF No. 11). For the reasons that follow, the Motion to Dismiss will be GRANTED, and Plaintiff's Complaint will be dismissed.

**I.     BACKGROUND**

This lawsuit was originally filed on January 28, 2013 in state court. Defendants removed the case to this Court on February 25, 2013. Plaintiff's Complaint alleges a number of causes of action against Defendants related to the foreclosure proceedings that were initiated against Plaintiff's property.

On February 26, 2013, Defendants filed a Motion to Dismiss (ECF No. 6). Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen (14) days after service of the Motion to file a Response; therefore, Plaintiff had until February 15, 2013, to file a Response.

**II.    DISCUSSION**

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and

authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009). Further, Plaintiff's failure to timely respond to Defendants' motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits. Plaintiff has failed to take any action since the case was removed to this Court. Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal. However, in consideration of Plaintiff's pro se status, the Court will dismiss Plaintiff's Complaint without prejudice.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 6) is **GRANTED**.

Plaintiffs' Complaint is **DISMISSED without prejudice**.  The Clerk of the Court shall enter judgment accordingly.

**DATED** this 28th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge