UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Patricia Gonzalez, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-00306-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| Bank of New York Mellon; and Countrywide ) | |
| Securities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Reconsider (ECF No. 14) and Motion for Hearing (ECF No. 15) filed by *pro se* Plaintiff Patricia Gonzalez. Defendants Bank of New York Mellon and Countrywide Home Loans, Inc., filed a Response (ECF No. 16), and Plaintiff did not filed a Reply. The briefing deadlines have now expired, and the motions are now ripe.

## I. BACKGROUND

In January 2013, Plaintiff filed her Complaint (ECF No. 1-1) in state court, and Defendants removed the action to this Court on February 25, 2013. (ECF No. 1.) Defendants filed a Motion to Dismiss (ECF No. 6) the following day, and Plaintiff never filed an opposition. On March 28, 2013, the Court entered its Order (ECF No. 12) granting the Motion to Dismiss and dismissing Plaintiff's Complaint without prejudice. Plaintiff filed the instant motions on April 5, 2013, and did not file a Reply to Defendants' Response (ECF No. 16).

## II. LEGAL STANDARD

Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court might reconsider its Order. This rule, governing relief from a judgment or order, provides in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final

    judgment, order, or proceeding for the following reasons:
        (1) mistake, inadvertence, surprise, or excusable neglect;
        (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
        (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
        (4) the judgment is void;
        (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
        (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### **III. DISCUSSION**

The Court first notes that Plaintiff is correct in identifying a typo in the Court's March 28, 2013, Order (ECF No. 12), and with this Order the Court will enter a corrected version of the March 28, 2013, Order. Notwithstanding this correction, the Court cannot find that Plaintiff has presented any good cause for the Court to grant further relief pursuant to Rule 60.

In her motion, Plaintiff claims that she did not receive service of the Motion to Dismiss (ECF No. 6), but that she did receive the February 26, 2013, Minutes of the Court (ECF No. 7) notifying her that "[a] party or parties have filed a motion to dismiss. . .," and that she had fourteen days to respond. She also indicates that she received a copy of Defendants' March 19, 2013, Notice of Non-Opposition (ECF No. 11) prior to entry of the Court's March 28, 2013, Order (ECF No. 12).

Plaintiff argues that because she did not receive a copy of the Motion to Dismiss (ECF No. 6), she was not able to oppose the motion and should be granted an evidentiary hearing on the merits of her claims. However, Plaintiff herself contradicts the weight of her argument by

admitting that she received several notices of the pending motion, and yet did not pursue her claims or investigate further.  Plaintiff also does not deny that she received notice of the removal of her action to this Court, and provides no explanation for her failure to prosecute her claims while the action was pending before this Court.  These facts provide further support for the analysis of the Court in its prior Order (ECF No. 12), and cannot justify reconsideration of the Court's dismissal of Plaintiff's Complaint without prejudice.  Moreover, the Court's review of Plaintiff's Complaint indicates that dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is warranted for failure to state a legally cognizable claims and the grounds upon which its rests.  For these reasons, Plaintiff's Motion to Reconsider (ECF No. 14) and Motion for Hearing (ECF No. 15) will be denied and the case shall remain closed.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Reconsider (ECF No. 14) and Motion for Hearing (ECF No. 15) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall filed a corrected version of the Order entered at ECF No. 12, as provided by the Court.

**DATED** this 31st day of December, 2013.

_____
Gloria M. Navarro
United States District Judge